GRAHAM et al. v. UNITED STATES. (Circuit Court of Appeals, Fifth Circuit. January 18, 1910.) No. 1,864. In Error to the Circuit Court of the United States for the Northern District of Florida. Lucius J. Reeves and E. C. Maxwell, for plaintiffs in error. Emmett Wilson, for the United States. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The demurrers to the indictment were properly overruled. In neither the impaneling of the jury, the rulings on evidence, nor the charges to the jury, given or refused, do we find reversible error. The judgment of the Circuit Court is affirmed.

---

In re GREENBERG. (Circuit Court of Appeals, Second Circuit. December 17, 1909.) No. 213. Petition to Review Order of the District Court of the United States for the Eastern District of New York. Ralph Nathan, for petitioner. Irving L. Ernst, for respondent. Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. It seems to be conceded that on the record before us there is no contradiction of the averment in the petitioner's affidavit that the merchandise in question was, at the time of the hearing in the bankruptcy court, in the custody of the United States marshal in the district of North Carolina, pursuant to writ of seizure issued to an ancillary receiver herein. If the receiver has the merchandise, it is difficult to understand upon what theory he can also demand the money that was paid for it. But, however this may be, we are clearly of the opinion that controversies such as this between the receiver and third parties should not be decided summarily on affidavits, but in a plenary suit. Order reversed.

---

GULF & M. R. TRANSP. CO. v. BOARD OF COM'RS OF LAFOURCHE LEVEE DIST. (Circuit Court of Appeals, Fifth Circuit. January 25, 1910.) No. 1,761. Appeal from the District Court of the United States for the Eastern District of Louisiana. John D. Grace, for appellant. F. A. Middleton, for appellee. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The verbal charter of the tugboat Mattie M. was a lease, not a demise, and thereunder the owners were responsible for the management and navigation of the tug. The evidence does not satisfactorily show that the master protested against the towing of the bayou barge around and to the head of the crevasse; but, even if he did so protest, when he undertook the said towing he was required to use ordinary skill in handling the barge, and this the master did not do, because, among other things unskillfully done, he tied to and attempted to tow the said barge stern foremost up the river, when that part of the barge was well loaded down, and the bow was not loaded, and had plenty of freeboard. No case was made in the pleadings or evidence entitling the appellant to relief under the Harter act (Act Feb. 13, 1893, c. 105, 27 Stat. 445 [U. S. Comp. St. 1901, p. 2946]). The decree of the Circuit Court was correct, and the same is affirmed.